**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| YANGJIANG XINGYI<br>E-COMMERCE CO., LTD.,<br><br>SHENZEN YAOYUAN<br>TECHNOLOGY CO., LTD.,<br><br>SHANTOU QIANXINGTUO<br>TECHNOLOGY CO., LTD.,<br><br>DONGGUAN RUIJIANG<br>E-COMMERCE CO., LTD., and<br><br>CHANGSHA QIXING AND DREAM<br>E-COMMERCE CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW STEVENS,<br><br>Defendant. | ) | Civil Action No. |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NO PATENT INFRINGEMENT**

Plaintiffs, Shenzen Yaoyuan Technology Co., Ltd. (hereinafter "Shenzen Yaoyuan"), Yangjiang Xingyi E-Commerce Co., Ltd. (hereinafter "Yangjiang Xingyi"), Changsha Qixing and Dream E-Commerce Co., Ltd. (hereinafter "Changsha Qixing"), Dongguan Ruijiang E-Commerce Co., Ltd. (hereinafter "Dongguan Ruijiang"), and Shantou Qianxingtuo Technology Co., Ltd. (hereinafter "Shantou Qianxingtuo") (collectively, "Plaintiffs"), by counsel, state as follows.

1. This is an action for a declaratory judgment of no patent infringement under the United States patent laws, 35 U.S.C. § 1 et seq. Specifically, Plaintiffs seek a declaratory judgment that a certain product sold in commerce, the B03 Auto Screen Clicker, does not infringe any claim of United States Patent No. 10,310,677 B2 (hereinafter "the '677 Patent"). Plaintiffs further seek a declaratory judgment that none of them sell any product in the United States that infringes the '677 Patent.

2. Plaintiff Shenzen Yaoyuan manufactures the B03 Auto Screen Clicker in China. Plaintiffs Yangjiang Xingyi, Changsha Qixing, Dongguan Ruijiang, and Shantou Qianxingtuo ("the distributor Plaintiffs") sell certain products in the United States through various retail channels including online sales through listing on Amazon.com. Each of the distributor Plaintiffs sells the B03 Auto Screen Clicker or a similar product (hereinafter "the Accused Products") in the United States including by listing the products on Amazon.com.

3. On information and belief, the '677 Patent is owned by Mr. Andrew Stevens, a resident of the United Kingdom.

4. Mr. Stevens has asserted, in writing, to Amazon.com, Inc. (hereinafter "Amazon") that each of the distributor Plaintiffs has listed a product for sale that infringes the '677 Patent. As a consequence, Amazon has informed the distributor Plaintiffs that it will delist the accused products in the event of inaction by Plaintiffs.

**The Parties**

5. Plaintiff Shenzen Yaoyuan is a Chinese limited liability company. It maintains its headquarters at Room 501, No. 10, Songgang Section, Guangshen Road, Tantou Community, Songgang Street, Bao'an District, Shenzhen, China.

6. Plaintiff Yangjiang Xingyi is a Chinese limited liability company. It maintains its headquarters at Room 502, Building B4, Phase 2, Midea Royal Villas Longshan, No. 385 Guangya West Road, Dongcheng Town, Yangdong District, Yangjiang City, China.

7. Plaintiff Changsha Qixing is a Chinese limited liability company. It maintains its headquarters at Room 1603, Building 10, Phase 2, Tianjie Commercial Plaza, 48 Qutang Road, Yuhua Pavilion Street, Yuhua District, Changsha, China.

8. Plaintiff Dongguan Ruijiang is a Chinese limited liability company. It maintains its headquarters at No. 82 Housha Road, Houjie Town, Dongguan City, Guangdong Province, China.

9. Plaintiff Shantou Qianxingtuo is a Chinese limited liability company. It maintains its headquarters at No. 205, East Market Complex Building, Dahao Street, Haojiang District, Shantou City, China.

10. Defendant Andrew Stevens is an individual believed to maintain a residence at the address he listed in his correspondence to Amazon which is 11 Grafton Terrace, London, NW2 6QE, United Kingdom.

**Jurisdiction and Venue**

11. This Court has jurisdiction over the subject matter of this action pursuant to the Patent Act (35 U.S.C. § 1 et seq.) and the Declaratory Judgment Act (28 U.S.C. §§ 2201, 2202) as well as pursuant to 28 U.S.C. §§ 1331 and 1338.

12. This Court has personal jurisdiction over the Defendant pursuant to 35 U.S.C. § 293. Section 293 provides, in part, that a nonresident patent owner may file a “written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings.” United States Patent and Trademark Office

rules implementing section 293 provide that "[t]he designation of a domestic representative should be clearly labeled 'Designation of Domestic Representative' and it will be entered into the record of the appropriate application or patent file." MPEP § 302.04; see also 37 C.F.R. § 3.61. Section 293 further provides that "if no person has been designated, the United States District Court for the Eastern District of Virginia shall have jurisdiction" and that "[t]he court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court." Here, the owner of the '677 Patent, Mr. Stevens, is not resident in the United States and has not designated a domestic representative. Accordingly, this Court has personal jurisdiction over Mr. Stevens.

13. Venue in this District is appropriate under 35 U.S.C. § 293 for the reasons stated above.

**Mr. Stevens' Complaints to Amazon.com**

14. Mr. Stevens has submitted complaints to Amazon.com with respect to the distributor Plaintiffs. These complaints allege that Plaintiffs' Accused Products infringe the '677 Patent.

15. In response to Mr. Stevens' complaint, Amazon has indicated an intent to delist the Accused Products if the distributor Plaintiffs do not take certain actions. Amazon has indicated that, in order for it to continue listing the Accused Products, the distributor Plaintiffs must either obtain permission from Mr. Stevens, engage in Amazon's "neutral evaluation procedure," or resolve the claim with the patent owner in a federal district court case no later than September 16, 2026.

16. If Amazon were to delist the Accused Products, it would cause a loss of sales to each of Plaintiffs. This loss of sales would cause immediate economic harm to each of Plaintiffs. This economic harm would be a direct result of Mr. Stevens' complaints to Amazon.

**The '677 Patent Is Not Infringed**

17. The Accused Products employ a different mechanism of action than that described in the '677 Patent and do not infringe the '677 Patent.

18. The '677 Patent has two independent claims: claims 1 and 10. Each of these claims (and therefore every claim of the patent, see 35 U.S.C. § 112(d)) requires an electronic device having "an integrated flexible sprung [sic] clip." Plaintiffs' products do not have this feature. Each of the independent claims further requires that the electronic device have "conductive contact pads." Plaintiffs' products do not have this feature. Claim 1 (and therefore dependent claims 2-9) requires "that the electrical charge dissipation rate of the one or more conductive pads is controlled by the electronic circuit." Plaintiffs' products do not have this feature. Claim 10 (and therefore dependent claim 11) requires "configuring the electronic device to change the electrical charge dissipation rate of the one or more conductive contact pads according to a predetermined sequence." Plaintiffs' products do not exhibit this feature.

**PRAYER FOR RELIEF**

In view of the foregoing, Plaintiffs pray that judgment be entered:

A. Declaring that the B03 Auto Screen Clicker does not infringe any claim of United States Patent No. 10,310,677 B2;

B. Declaring that Plaintiffs do not sell any product in the United States that infringes United States Patent No. 10,310,677 B2;

C. Enjoining Mr. Stevens from requesting that Amazon or any other internet retailer stop, suspend, or otherwise limit sales of the B03 Auto Screen Clicker and any similar products manufactured or sold by any Plaintiff;

D. Declaring Plaintiffs to be the prevailing parties and awarding costs pursuant to Federal Rule of Civil Procedure 54(d); and,

E. Declaring the case to be exceptional and awarding reasonable attorneys' fees under 35 U.S.C. § 285.

Dated: September 15, 2026

Respectfully submitted,

__*/s/ wmwirtbrock,iv*________________
By counsel

William Wirt Brock, IV (VSB #67985)
CARMICHAEL ELLIS & BROCK, PLLC
108 N. Alfred St., 1st Floor
Alexandria, VA 23214
703-684-7908
703-649-6360 (fax)
wirt@carmichaellegal.com

and

Michael G. McManus *(pro hac vice* application to be filed)
MCMANUS IP LAW
6025 Western Avenue, NW
Washington, D.C. 20015
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
mmcmanus@mcmanusiplaw.com

*Counsel for Plaintiffs*